UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMMY FOSTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4040** |
| **WARDEN HOWARD PRICE** | **SECTION "J"(6)** |

## O R D E R

Petitioner, SAMMY FOSTER, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1985 state court convictions and sentences for armed robbery and two counts of aggravated crime against nature. Petitioner has failed to set forth any grounds or supporting facts for this habeas petition.

Furthermore, petitioner has already submitted two habeas petitions in this Court arising from this same conviction and sentence. A review of this Court's records reflects that in 1994 petitioner filed his first petition for writ of habeas corpus entitled Foster v. Lansing, et al., Civil Action 94-1670 "J"(6). In that petition, he argued that (1) the evidence was insufficient to prove him guilty beyond a reasonable doubt, as the state failed to prove that petitioner was sane at the time of the commission of the offenses; and (2) the sentence imposed was excessive. That petition was dismissed with prejudice on the merits by Judgment entered December 8, 1994. This Court denied petitioner's request for an out-of-time appeal from that judgment.

In 2005, petitioner filed a second petition for habeas corpus entitled <u>Foster v. State of Louisiana</u>, Civil Action 05-1827 "J"(6). In that petition, he asserted that (1) he received ineffective assistance of counsel; (2) he was subjected to double jeopardy; (3) the evidence was insufficient to convict him; and (4) his sentence was excessive. This second or successive petition was considered as a motion for authorization to proceed, and transferred to the United States Fifth Circuit Court of Appeals. Authorization was denied because petitioner failed to pursue the proceedings in the court of appeals. Rec. Doc. No. 5.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.

Because petitioner has not alleged any grounds for the instant habeas petition, much less argument or evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute, the Court considers a dismissal without prejudice in this instance the more efficient means to serve the interests of justice than a transfer to the Fifth Circuit.

Accordingly,

**IT IS ORDERED** that SAMMY FOSTER's petition is DISMISSED WITHOUT PREJUDICE so that petitioner may seek authorization from the Fifth Circuit to file a second or successive habeas corpus petition.

New Orleans, Louisiana, this \_\_\_21st\_\_\_ day of _____August_____, 2008.

_____
UNITED STATES DISTRICT JUDGE